IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DANIEL ALLEN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Civil Case No. 2:20-cv-389-TC<br>Criminal Case No. 2:14-cr-616-TC |

Prisoner Daniel Allen Jones moves this court to vacate his sentence under 28 U.S.C. § 2255, arguing that his 240-month supervised release is unconstitutional based on the Supreme Court's decision in Haymond v. United States, 139 S. Ct. 2369 (2019). (Pl.'s Mot. to Vacate at 1–2, 389 ECF No. 1.)[1] On June 15, 2015, Mr. Jones pleaded guilty to Sexual Abuse Within Indian Country in violation of 18 U.S.C. § 2242(1) and § 1153. (616 ECF No. 33.) The court set a 100-month prison term followed by 240 months of supervised release. Mr. Jones now asserts that Haymond applies retroactively to his sentence and his 240-month supervised release should be reduced pursuant to § 2255.

The court rejects Mr. Jones' argument for several reasons. First, Mr. Jones' sentence was not imposed under the same provision of 18 U.S.C. § 3583(k) that the Supreme Court

---

[1] "389 ECF" refers to the electronic case filing system for the instant action, Jones v. United States, Case No. 2:20-cv-00389-TC.  The court refers to the docket in the original action, United States v. Jones, Case No. 2:14-cr-00616-TC, as "616 ECF."

1

found unconstitutional in Haymond. But even if Mr. Jones' sentence was based on the same provision, Haymond does not apply retroactively to cases on collateral review. As a result, Mr. Jones' motion is untimely § 2255(f)(1) and he cannot rely on Haymond to argue that it is timely under § 2255(f)(3). Finally, regardless of whether Haymond applies to his sentence, Mr. Jones waived his right to seek relief under § 2255 in his plea agreement. For these reasons, his motion is denied.

## **ANALYSIS**

Because Mr. Jones acts pro se, the court reviews his motion liberally and holds it to a less stringent standard than one drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007).

The court delivered final judgment of Mr. Jones' conviction on November 6, 2015, and he did not appeal the judgement on direct review. (616 ECF No. 44). Typically, Mr. Jones' § 2255 Motion, filed on June 17, 2020, would be time-barred under § 2255(f)(1), which imposes a one-year limitation period starting on the date the judgment becomes final. But Mr. Jones relies on an alternative method to obtain review: if the United States Supreme Court recognizes a new right and makes that right retroactively applicable to cases on collateral review, a petitioner asserting that right may file a § 2255 motion within one year of the Court's decision.  28 U.S.C. § 2255(f)(3). Mr. Jones asserts that his motion is timely because it was filed within one year of the Supreme Court's decision in Haymond. He argues Haymond applies retroactively to his conviction. (Pl.'s Mot. to Vacate at 1–3.)

In Haymond, the Supreme Court considered the constitutionality of 18 U.S.C. § 3583(k). 139 S. Ct. at 2373.  § 3583(k) contained two provisions:

2

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section . . . 2242 . . . is any term of years not less than 5, or life.
>
> If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k) (spaces added for emphasis).

In <u>Haymond</u>, the court only considered 3583(k)'s second provision. 139 S. Ct. at 2373. Under this part of the statute, if a judge found that a defendant required to register as a sex offender committed a certain enumerated offense while on supervised release, the judge must revoke the defendant's supervised release and set an additional prison term of at least five years. <u>Id.</u> at 2374. In a plurality decision, the Supreme Court found that 3583(k)'s second provision violated the Fifth and Sixth Amendment rights to a jury trial. <u>Id.</u> at 2386 (Breyer, J., concurring). Justice Breyer, who wrote the controlling opinion, noted that the statute's minimum sentence requirement for supervised release violations essentially punished the defendant for a new offense without honoring his right to a jury trial.

Unlike the defendant in <u>Haymond</u>, Mr. Jones has not violated the terms of his supervised release. The court set Mr. Jones 240-month supervised release term pursuant to § 3583(k)'s first provision. He is still incarcerated for his original offense and has not yet started

supervised release. In Haymond, the Supreme Court invalidated only the second provision of § 3583(k). The Court did not even discuss the first provision, which simply sets a term of supervised release for original offenses. Accordingly, Mr. Jones' supervised release sentence is unaltered by Haymond.

Even if Haymond did invalidate § 3583(k) in its entirety, Haymond does not apply retroactively to Mr. Jones' conviction. New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review. Whorton v. Bockting, 549 U.S. 406, 416 (2007) (citing Teague v. Lane, 489 U.S. 288 (1989)). There are two exceptions to this rule, announced by the Supreme Court in Teague: "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal proceeding implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (quotations omitted). But the new rule announced in Haymond does not fit either Teague exception.

A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin 542 U.S. 348, 353 (2004); see also United States v. Chang Hong, 671 F.3d 1147, 1151 (10th Cir. 2011), as amended (Sept. 1, 2011). A procedural rule, on the other hand, regulates "only the manner of determining the defendant's culpability." Schiro, 542 U.S. at 353. Rules that allocate decision-making authority between the judge and jury are "prototypical procedural rules." Schiro, 542 U.S. at 353; see also United States v. Salazar, 784 Fed. Appx. 579, 583 (10th Cir. 2019); In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014). In United States v. Salazar, the 10th Circuit Court of Appeals concluded that "Haymond announced a procedural rule" because it did not change the range

of conduct or class of persons punished under § 3583(k). 784 Fed. Appx. at 583. Rather, Haymond merely changed the method of determining the defendant's culpability. Id.

Haymond is not a watershed rule under the second Teague exception. "To surmount the watershed requirement, a new rule . . . must itself constitute a previously unrecognized bedrock procedural element that is essential to the fairness of the proceeding." Chang Hong, 671 F.3d at 1157. The Supreme Court has never found a new rule to be a watershed procedural rule, despite many invitations to do so since Teague. See, e.g., Schriro, 542 U.S. at 355–358. Further, the Supreme Court has repeatedly identified its decision in Gideon v. Wainwright as the only rule which might have fit the Teague watershed exception, had it been decided after Teague. See Whorton, 549 U.S. at 418–19; Beard v. Banks, 542 U.S. 406 (2004). In the words of the 10th Circuit, "Haymond is not Gideon." Salazar, 784 Fed. Appx. at 583 (quoting Chang Hong, 671 F.3d at 1158) (internal brackets omitted).

Because the rule announced in Haymond is neither substantive nor a watershed procedural rule, it does not apply retroactively to cases on collateral review. Mr. Jones cannot rely on Haymond to make his motion timely under § 2255(f)(3).

Even if Haymond did apply retroactively to Mr. Jones's conviction, Mr. Jones waived his right to seek relief under § 2255. His statement in advance of plea reads: "I also knowingly, voluntarily, and expressly waive my right to challenge my sentence [. . . ] in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 18 U.S.C. § 2255, except on the issue of ineffective assistance of counsel." (616 ECF No. 33 at 5.) Mr. Jones does not bring his § 2255 claim based on ineffective assistance of counsel. Rather, he attacks the constitutionality of his federal conviction. But because he has waived his right to do so, his motion must be denied.

## **CONCLUSION**

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

DATED this 22nd day of September, 2020:

BY THE COURT

TENA CAMPBELL

U.S. District Court Judge