IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DANIEL ALLEN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br>Civil Case No. 2:20-cv-389-TC<br>Criminal Case No. 2:14-cr-616-TC |

On September 22, 2020, the court denied Daniel Allen Jones' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (See § 2255 Order, ECF No. 5.) Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." For the reasons stated below, the court denies the COA.

## LEGAL STANDARD

When a court denies a § 2255 petition, the petitioner does not have an automatic right to appeal that decision. Instead, the petitioner must obtain a COA from either the district court or the court of appeals. 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court should issue a COA only if "jurists of reason could disagree with the district court's resolution" of the claims raised in the § 2255 petition or "could conclude the issues presented are adequate to

1

deserve encouragement to proceed further." United States v. Springer, 875 F.3d 968, 972 (10th Cir. 2017) (internal quotations omitted). If "reasonable jurists would not find the district court's decision on these issues debatable or wrong," the court should deny the COA. Jones v. Warrior, 805 F.3d 1213, 1222 (10th Cir. 2015).

## ANALYSIS

Mr. Jones pleaded guilty to Sexual Abuse Within Indian Country in violation of 18 U.S.C. § 2242(1) and § 1153 and received his judgment of conviction on November 6, 2015. His § 2255 Motion, filed on June 17, 2020, does not meet the timeliness requirement of U.S.C. § 2255(f)(1) because it was filed more than one year after final judgment. But Mr. Jones relies on another theory to obtain review: if the United States Supreme Court recognizes a new right that retroactively applies to cases on collateral review, a petitioner asserting that right may file a § 2255 motion within one year of the Court's decision. 28 U.S.C. § 2255(f)(3).

In his § 2255 Motion, Mr. Jones argued that the United States Supreme Court's decision in Haymond v. United States, 139 S. Ct. 2369 (2019) should apply retroactively to his sentence. (Pl.'s Mot. to Vacate at 1–2, 389 ECF. No. 1.) In Haymond the Supreme Court held that 18 U.S.C. § 3583(k)'s second provision, which imposed a minimum five-year prison sentence for certain supervised release violations committed by defendants required to register as sex offenders, was unconstitutional for violating the Fifth and Sixth Amendments.

The court rejected Mr. Jones'§ 2255 Motion after concluding that Mr. Jones' sentence was not prescribed under the same provision of § 3583(k) that the Supreme Court found unconstitutional in Haymond. Mr. Jones was not sentenced for violating his supervised release. Rather, he was sentenced to 100 months in custody and 240 months of supervised release for his original offense.

The court noted that even if Mr. Jones' sentence was based on the same provision of § 3583(k) that the Court invalidated in <u>Haymond</u>, <u>Haymond</u> does not apply retroactively to cases on collateral review. As a result, Mr. Jones' motion is untimely § 2255(f)(1) and he cannot rely on <u>Haymond</u> to argue that it is timely under § 2255(f)(3).

Finally, the court found that even if <u>Haymond</u> did apply to Mr. Jones' sentence, Mr. Jones waived his right to seek relief under § 2255 in his plea agreement. Except for claims of ineffective assistance of counsel. Mr. Jones no longer has the right to file petitions under § 2255.

There is little room for disagreement when it comes to the underlying issue of Mr. Jones' motion–<u>Haymond</u> does not alter Mr. Jones' sentence in any way.  In the court's view "jurists of reason could [not] disagree with the district court's resolution" of Mr. Jones' claims and "could [not] conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Springer</u>, 875 F.3d at 972 (internal quotations omitted).

## ORDER

The court orders that no certificate of appealability be issued for the court's September 22, 2020 order denying Mr. Jones' motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

DATED this 22nd day of September, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge